UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION CAPITAL WORKS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SC RESTAURANTS, INC., et al.,<br><br>Defendants. | Case No. 2:07-MC-124<br><br>U.S.D.C (W.D. Wash.) Case No. C 07-1807<br><br>**ORDER APPOINTING A LIMITED POST-JUDGMENT RECEIVER**<br><br>Date:     October 24, 2011<br>Time:    10:00 a.m.<br>Crtrm.:  4, 15th Floor<br>Judge:   Hon. Lawrence K. Karlton |

Plaintiff/Judgment Creditor MISSION CAPITAL WORKS, INC.'s (hereinafter "Creditor") motion for an order appointing Mr. Robert Nagle as a limited, post-judgment receiver to seize copies of financial records of, and to investigate, Judgment Debtors SC RESTAURANTS, INC.; RICHARD SANG; RICHIE SANG; and BROOKES SANG (hereinafter jointly "Debtors") came before this Court by Plaintiff's noticed motion, the Honorable Lawrence K. Karlton, presiding. The Parties appearances, if any, are noted in the Court record.

Upon reviewing the pleadings submitted by the parties, the pleadings and records on file herein, and finding good cause appearing therefor:

**IT IS HEREBY ORDERED:**

ROBERT F. NAGEL is hereby appointed as a limited post judgment receiver of Judgment Debtors SC RESTAURANTS, INC.; RICHARD SANG; RICHIE SANG; and BROOKES SANG ("Debtors"). Receiver Robert F. Nagel ("Receiver Nagel") is hereby endowed with all the powers, rights, duties and obligations, as set forth in this Court's Order appointing a receiver in this case, as set forth below, on the following limited issues:

1. Investigate all of Debtors' assets and liabilities;

2. Take possession of any assets and/or property, as well as copies of any records (paper, electronic or otherwise) released by the Office of the District Attorney of San Joaquin County from the criminal proceedings against Debtors (Case Nos. #2007-2351; SF 106604A; SF 106604B; SF 106604C; and SF 106604D);

3. Record a Receiver's Lien on any real, personal or other property of Debtors; and

4. Hold any such property or records until further order of this Court.

Receiver Nagel shall promptly file a $10,000.00 receiver's bond. The Receiver's oath has been filed. No further bond or oath is required.

It is further ordered, upon the filing of a bond, the receiver is authorized and empowered to:

1. Investigate all of the Judgment Debtors' assets and liabilities including, but not limited to, deposit accounts, investments, business interests, the nature and extent of any ownership, operation, value and/or other involvement with any and all real property and/or rental properties, purchase options, motor vehicles, personal property, the current residence of Judgment Debtors, any business entities, corporations, partnerships or joint ventures involved with Judgment Debtors, and any litigation in the State of California.

2. Receive, hold and investigate any and all property, intelligence and documents concerning Debtors assets and transfers held pursuant to the following related criminal cases:

    a. DAI Case: #2007-2351

    b. Court Case: SF 106604A

    c. Court Case: SF 106604B

    d. Court Case: SF 106604C

    e. Court Case: SF 106604D

specifically including copies of records located any and all of the following sites:

    a. San Joaquin County District Attorney's Office located at 222 E. Weber Avenue, Stockton, California 95202;

    b. San Joaquin Sheriff's Department located at 700 Michael Canlis Boulevard, French Camp, California 95231.

    c. California Data Recovery Office of Brian Door located at 980 9th Street, 16th Floor, Sacramento, California 95814.

The above-described property shall include, but not be limited to: reports, documents, photographs, records, negotiable instruments, sound recordings, computers, laptops, hard drives, computer towers, electronic data, computer images and all financial documents from the San Joaquin District Attorney's Office regarding Debtors and/or Debtors' entities.

3. Any data stored on external hard drives or computers not belonging to the Debtors shall be collected by the receiver using a data storage device provided by Creditor.

4. Any electronic communications and/or historical electronic communications from Debtors' current or past electronic mail accounts for the purpose of investigating

Debtors' financial transfers and/or arrangements with third parties.

5. Subject to further Court Order, the receiver is appointed to receive Debtors' property and/or copies of records pursuant to San Joaquin County District Attorney's criminal prosecution of Debtors (Case Nos. #2007-2351; SF 106604A; SF 106604B; SF 106604C; & SF 106604D), investigate the received property, locate and protect assets and records of Judgment Debtors. In furtherance of this appointment, receiver is not required to incur any ongoing expenses necessary in such operation, management, control and conduct in the ordinary and usual course of such business. Receiver shall not be required to do anything to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar assets and no such risks or obligations so incurred shall be the personal risk or obligation of receiver. If any such risk or obligation is incurred, then it shall only be the risk or obligation of the receivership estate.

6. Investigate any and all transfers of assets (real, personal or other) and any and all accounts of any of the Judgment Debtors or their entities, and request and receive tax returns of Debtors or of any corporate or other business entity in which any Debtor is involved.

7. Employ agents and employees as the receiver believes, specifically including Gamble Investigations Int'l/Ken Gamble at the rate of $50.00 per hour, in his business judgment, necessary to carry out his duties as receiver and upon court order to pay said agents and employees at ordinary and usual rates and prices pursuant to appropriate contracts out of funds that come into his possession as receiver, including a court approved attorney pursuant to C.R.C. 3.1180.

8. Prepare and deliver to all parties an initial Receiver's report within 30 days, and then regular monthly reports, with an summary of the results of the Receiver's investigation into Debtors' assets, liabilities, transfers of money and/or real estate, receivables and records on a month-by-month basis pursuant to C.R.C. 3.1182 and Local Rule, and to share this information with the Parties upon the request of any Party.

9. Record this Order and/or any appropriate liens on any or all property of any of the Judgment Debtors.

10. The Receiver and/or Parties to this action may, from time to time, and upon due notice to other Parties entitled thereto, petition this Court for further instructions, clarification and for further powers necessary to enable the Receiver to properly perform his duties.

11. The Receiver may generally do such other things as are necessary or incidental to the foregoing specific powers, directions and general authority and to take actions relating to the subject property provided the Receiver obtains prior court approval for any actions beyond the scope contemplated herein.  In addition, the Receiver shall have all rights and powers of the Debtors to obtain immediate access to Debtors financial records from any third party, specifically including any financial institution, to locate, trace and to freeze any funds or additional records, pending further Court Order, and to collect, receive, demand all cash proceeds of the Debtors including, but not limited to, cash, investments, loan proceeds, negotiable instruments, savings, prepayments, deposits, reimbursements, receivables, notes, offsets, as well as future contingent interests upon realization..

12. Receiver's hourly rate will be $150.00 per hour plus costs, or such other rate as set by the Court, plus costs as approved by the Court.

**IT IS HEREBY FURTHER ORDERED** that Debtors and their respective agents, servants, partners, managers, attorneys, employees, assignees, successors, representatives and all persons acting under, in concert with or for them:

    a. Shall relinquish and immediately turn over possession of all "financial books, records and ownership documents" relating directly or indirectly to any of Debtors assets and liabilities to The Receiver within five (5) court days of this Order.

    b. Shall turn over to the Receiver, and direct all managers and other third parties in possession thereof to turn over all documents and records concerning any deposit accounts, web sites, emails, in whatever mode maintained, including information contained on computers and any and all software relating thereto, as well as all banking records, statements, canceled checks, electronic records and passwords.

    c. Shall immediately turn over to the Receiver documents regarding any transfers of assets valued over $10,000.00 to any third parties within the past seven (7) years, wherever located.

    d. Shall immediately advise receiver as to the nature and extent of any insurance coverage. Debtors shall immediately name the receiver as an additional insured on the insurance policies for the period Receiver is in possession of the assets. Debtors are prohibited from cancelling, reducing or modifying any and all insurance coverage currently in existence.

**IT IS HEREBY FURTHER ORDERED** that pending further Order of this Court, Debtors and their respective agents, servants, partners, managers, employees, attorneys, assignees, successors, representatives, and all other persons acting under, in concert with or for them who have actual or constructive knowledge of this Order, and their agents and employees;

i. Shall not commit or permit any waste on any of of Debtors' assets.

ii. Shall not demand, collect, receive, discount or in any other way divert or use any proceeds owed to any Debtor, directly or indirectly.

iii. Shall not directly/indirectly interfere in any manner with the discharge of Receiver's duties under this Order or in furtherance of the Receiver's receivership duties.

iv. Shall not expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, hypothecate, create a security interest in, encumber, gift, conceal, or in any manner whatsoever deal in or dispose of all or any part of any Debtor's property (real, personal, or otherwise) interests without further Court Order.

v. Shall not do any act which will, or may, impair, defeat, divert, prevent or prejudice preservation of any Debtor's property.

**IT IS HEREBY FURTHER ORDERED** that the parties shall give notice to the Receiver of any and all events that may affect the receivership.

**NOTICE IS HEREBY GIVEN THAT INTERFERENCE WITH RECEIVER'S DUTIES/ACTIONS AND/OR FAILURE BY JUDGMENT DEBTORS OR ANY PARTY OR THEIR PRINCIPALS, EMPLOYEES, AGENTS, ATTORNEYS, OR REPRESENTATIVES TO COMPLY WITH THIS ORDER MAY SUBJECT THE PARTY TO BEING HELD IN CONTEMPT OF COURT.**

**IT IS SO ORDERED.**

Dated: October 26, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT